# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**WALTER R. SLONE, SR.**                                                                  **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 3:05CV707LN**

**TOWER LOAN, DEPARTMENT OF HUMAN
SERVICES, WALTON ELEMENTARY SCHOOL,
AMSOUTH BANK, QUICK CASH, U. S. POSTAL
SERVICE, JATRAN, HOUSTON J. PATTON,
WILLIAM R. BARNETT, MIKE PARKER,
JACKSON PUBLIC SCHOOL, DOLLAR
MANIA, S&S #1, DANNY HARRIS, LEONARD
BRADDY, M. GARNER, V. A. HOSPITAL,
PIGGLY WIGGLY and CHEVRON**                                                          **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion to Proceed *in Forma Pauperis*. The court has reviewed the Motion, which indicates that the Plaintiff's only source of income is a monthly disability check. It is possible, therefore, that the Plaintiff will qualify to proceed *in forma pauperis*. However, before making that determination and ordering process in this matter to issue and be served by the United States Marshal, the court is of the opinion that additional information is needed on the Plaintiff's cause of action.

The Plaintiff has sued a plethora of Defendants on vague claims. His Complaint recites that he has "tried to seek justice with crime(s) of fraud, false filing of police report(s), breach of verable [sic], settlements contracts, perjury, defamation, neglect, recklessness and disregard for the truth, discrimination and or engaged in racial profiling and improper business practices. He further states that "a crimal [sic] cause was committed as to assault, con, scam, mascot beaten and died and over $6,000 of social security monies was taken . . . ." However, he is not specific as to which

Defendants (some of whom are, no doubt, immune from suit) have committed each of these acts. Likewise, he alleges that the acts occurred between June, 2000, and November, 2005, meaning that the applicable statute of limitations could bar any cause of action as to some of these occurrences.

The court further notes that Mr. Slone is a "frequent filer" with this court, having had four previous cases here: *Slone v. Jackson Medical Mall Foundation, et al.*; Civil Action No. 3:00cv963LN (dismissed); *Slone v. AmSouth Bank and Hinds Super Market*, Civil Action No. 3:01cv998WS (dismissed after notification of settlement); *Slone v. State of Mississippi, et al.;* Civil Action No. 3:02cv439WS (dismissed); *Slone v. Tiffany Scott*, *et al.*; Civil Action No. 3:03cv181WS (consolidated with 3:02cv439WS and dismissed). The first and last of these cases was removed to this court upon the Defendant's payment of a filing fee; it is not clear whether Slone was proceeding as a pauper in state court. The other two cases began in this court, and, in both of those, Slone was permitted to proceed without the payment of a filing fee, and the United States Marshal was compelled to serve process. It appears that Slone has been permitted on several occasions to sue numerous Defendants at government expense, and that in three of these cases there has been no recovery whatsoever.

Aside from the suggestion that Slone may be engaged in vexatious and meritless litigation, there is also the possibility that some of the claims he is bringing before the court at this time have been already dismissed with prejudice and are thereby barred by the doctrine of *res judicata*. Before permitting Slone to begin another lawsuit at the taxpayer's expense, the court will require Slone to amend his Complaint to allege, in detail, the acts committed by each Defendant from which he seeks recovery. That detail should include the date that each act occurred and whether the act has been the subject of a previous lawsuit. Failure to submit this information by the date indicated below will

result in a recommendation to the District Judge that this matter be dismissed.

  IT IS, THEREFORE, ORDERED that the Plaintiff submit an Amended Complaint containing the information discussed above on or before January 18, 2006.

  IT IS SO ORDERED, this the 2nd day of December, 2005.

                 S/Alfred G. Nicols, Jr.
                 UNITED STATES MAGISTRATE JUDGE