**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**WALTER R. SLONE, SR.**                                                                               **PLAINTIFF**

**VS.**                                                                         **CIVIL ACTION NO. 3:05CV707LS**

**TOWER LOAN, DEPARTMENT OF HUMAN**
**SERVICES, WALTON ELEMENTARY SCHOOL,**
**AMSOUTH BANK, QUICK CASH, U. S. POSTAL**
**SERVICE, JATRAN, HOUSTON J. PATTON,**
**WILLIAM R. BARNETT, MIKE PARKER,**
**JACKSON PUBLIC SCHOOL, DOLLAR**
**MANIA, S&S #1, DANNY HARRIS, LEONARD**
**BRADDY, M. GARNER, V. A. HOSPITAL,**
**PIGGLY WIGGLY and CHEVRON**                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter initially came before the court on the Plaintiff's Motion to Proceed *in Forma Pauperis*. Before making that determination and ordering process in this matter to issue and be served by the United States Marshal, the court requested that additional information be submitted on the Plaintiff's cause of action. That request was made by an Order entered on December 2, 2005.

The Plaintiff has sued a plethora of Defendants on vague claims. His Complaint recites that he has "tried to seek justice with crime(s) of fraud, false filing of police report(s), breach of verable [sic], settlements contracts, perjury, defamation, neglect, recklessness and disregard for the truth, discrimination and or engaged in racial profiling and improper business practices. He further states that "a crimal [sic] cause was committed as to assault, con, scam, mascot beaten and died and over $6,000 of social security monies was taken . . . ." However, he is not specific as to which Defendants (some of whom are, no doubt, immune from suit) have committed each of these acts.

Likewise, he alleges that the acts occurred between June, 2000, and November, 2005, meaning that the applicable statute of limitations could bar any cause of action as to some of these occurrences.

The court further noted in its previous Order that Mr. Slone is a "frequent filer" with this court, having had four previous cases here: *Slone v. Jackson Medical Mall Foundation, et al.*; Civil Action No. 3:00cv963LN (dismissed); *Slone v. AmSouth Bank and Hinds Super Market*, Civil Action No. 3:01cv998WS (dismissed after notification of settlement); *Slone v. State of Mississippi, et al.*; Civil Action No. 3:02cv439WS (dismissed); *Slone v. Tiffany Scott, et al.*; Civil Action No. 3:03cv181WS (consolidated with 3:02cv439WS and dismissed).  The first and last of these cases was removed to this court upon the Defendant's payment of a filing fee; it is not clear whether Slone was proceeding as a pauper in state court.  The other two cases began in this court, and, in both of those, Slone was permitted to proceed without the payment of a filing fee, and the United States Marshal was compelled to serve process.  It appears that Slone has been permitted on several occasions to sue numerous Defendants at government expense, and that in three of these cases there has been no recovery whatsoever.

Aside from the suggestion that Slone may be engaged in vexatious and meritless litigation, there is also the possibility that some of the claims he is bringing before the court at this time have been already dismissed with prejudice and are thereby barred by the doctrine of *res judicata*.  Before permitting Slone to begin another lawsuit at the taxpayer's expense, the court required Slone to amend his Complaint to allege, in detail, the acts committed by each Defendant from which he seeks recovery, including the date that each act occurred and whether the act has been the subject of a previous lawsuit.  The court further warned Slone that failure to submit this information by the date indicated would result in a recommendation to the District Judge that this matter be dismissed.

The date on which Slone was required to submit this information was January 18, 2006. As of this date, no response has been submitted to that Order. This court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, 370 U.S. at 630. The actions of the Plaintiff also prejudice the rights of the Defendants to promptly and fully defend the claims made against them.

For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to Fed. R. Civ. P. 41(b), without prejudice.

The Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636*Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 3rd day of March, 2006.

                                                  S/James C.Sumner
                                     UNITED STATES MAGISTRATE JUDGE